IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FLOYD JORDAN,                                )
                                             )
            Plaintiff,                       )
                                             )   No. 04 C 6057
     v.                                      )
                                             )   Judge Robert W. Gettleman
JOHN E. POTTER, Postmaster General, United   )
States Postal Service,                       )
                                             )
            Defendant.                       )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Floyd Jordan, a former Postal Service employee, has brought a one-count complaint against defendant John E. Potter, the Postmaster General, under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1964) (amended 1991) ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. (1967) (amended 1996) ("ADEA"). Plaintiff seeks retirement benefits, which, plaintiff alleges, he was improperly denied on the basis of his race, color, sex, and/or age. Defendant has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that plaintiff's claims are time-barred because plaintiff did not timely contact an Equal Employment Opportunity ("EEO") counselor prior to filing the instant case. For the reasons set forth below, defendant's motion is granted.

## BACKGROUND[1]

Plaintiff is a former employee of the United States Postal Service who was "involuntarily separated" from his employment on September 16, 1994, pursuant to a negotiated settlement that did not include full retirement benefits. In late 1992, the Postal Service instituted an "early out" retirement program, allowing, inter alia, employees under the age of fifty with at least twenty-five years of service to retire with full benefits between August 17 and October 3, 1992. The Postal Service determined that plaintiff did not qualify for the "early out" program because, as of October 3, 1992, plaintiff was forty-four-years-old and had been employed only twenty-three years, eleven months, and eighteen days. The Postal Service calculated plaintiff's length of employment based upon an entered-on-duty date of February 15, 1975, and a credit of six years and four months for military service.

Some time after his resignation, plaintiff came to believe that the calculation of the length of his employment did not fully or appropriately credit him for his military service. Plaintiff contends that if he receives proper credit for his military service, then his employment with the Postal Service should be measured from a start-date of June 16, 1962, which gives plaintiff an additional six years of employment with the Postal Service.[2] Thus, plaintiff argues that he should have received a full retirement-benefits package under the 1992 program. Plaintiff thereafter began

---

[1] In ruling on a motion to dismiss under Rule 12(b)(6) the court accepts true all well-pleaded facts as true and draws all reasonable inferences therefrom in favor of plaintiff. All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996). The consideration is generally restricted to the pleadings, which include the complaint and any exhibits attached thereto. Thompson v. Illinois Department of Professional Regulation, 300 F.3d 750, 753 (7th Cir. 2002).

[2] It is also worth noting that under plaintiff's calculation, plaintiff would have had to have begun his military service at the age of fourteen.

2

writing a series of letters requesting full benefits.[3] The first letter shows that plaintiff contacted his congressman, Bobby L. Rush, and his senator, Carol Moseley-Braun in 1998, who in turn contacted the Postal Service. In response, in October 1998, the Postal Service informed Congressman Rush, Senator Moseley-Braun, and plaintiff that plaintiff did not qualify for any discontinued service annuities.

Two years later, on July 31, 2000, plaintiff sent a letter directly to the Manager of Personnel Services for the Central Illinois Postal District, requesting benefits under the 1992 "early out" retirement program. The Postal Service denied the request on August 15, 2000, explaining that plaintiff had been fully credited for his military service and that he was not eligible for the 1992 program. Plaintiff thereafter appealed to the Postal Service's Merit System Protection Board, which dismissed plaintiff's claim for lack of jurisdiction when plaintiff failed to allege that his retirement had been coerced or involuntary. The decision was later affirmed by the United States Court of Appeals for the Federal Circuit on July 16, 2002.

Three months later, on October 21, 2002, plaintiff sent a letter to the Office of Personnel Management, again seeking full retirement benefits under the 1992 program. The Postal Service again denied plaintiff's request on December 17, 2002, and again informed plaintiff that his employment record properly and fully credits him for his military service, and that he had not been employed for the requisite number of years to qualify for the "early out" retirement program. After receiving the Postal Service's last response on January 7, 2003, plaintiff finally contacted an EEO counselor and filed a formal complaint with the Postal Service's EEO office on February 26, 2003,

---

[3]Copies of either the letters or responses referenced herein are attached as exhibits to plaintiff's complaint.

claiming that he had been discriminated against on the basis of race, color, sex, age, and in retaliation for prior EEO participation. The EEO issued a final agency decision on June 26, 2004, dismissing plaintiff's EEO-complaint for failure to timely contact an EEO counselor and, alternatively, finding that plaintiff failed to state a prima facie case of discrimination.

## DISCUSSION

Defendant has moved to dismiss plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), arguing that plaintiff's claims are time-barred. Before asserting claims of employment discrimination under Title VII, federal employees must first exhaust available administrative remedies in a timely fashion. Ester v. Principi, 250 F.3d 1068, 1071 (7th Cir. 2001). A postal employee who believes he has been discriminated against must contact an EEO counselor within forty-five days of the allegedly discriminatory action. 29 C.F.R. § 1614.105(a)(1) (2005). This deadline operates as a statute of limitations. Snorton v. Reno, 2000 WL 1222206, at *6 (N.D. Ill. Aug. 24, 2000). Accordingly, absent grounds for equitable tolling of this limitations period under 29 C.F.R. § 1614.105(a)(2), an employee who fails to timely contact an EEO counselor is barred from bringing a discrimination action in the federal courts. Gibson v. West, 201 F.3d 990, 994 (7th Cir. 2000).

In the instant case, plaintiff did not contact an EEO counselor until February 2003. Thus, because plaintiff has not alleged any grounds for tolling the limitations period, plaintiff's claim must be dismissed unless the "effective date" of the Postal Service's allegedly discriminatory personnel action occurred in December 2002 or January 2003.[4] 29 C.F.R. § 1614.105(a)(1). Defendant argues

---

[4]Plaintiff does not specify the exact date on which he initiated contact with an EEO counselor, stating only that he filed an EEO complaint "on or about February 26, 2003."
(continued...)

4

that plaintiff was officially denied retirement benefits under the "early out" program in August of 2000, when the Postal Service sent plaintiff's attorney a letter explaining that under the Postal Service's calculation plaintiff did not qualify for the program.[5] Conversely, plaintiff contends that his claim for retirement benefits was not formally denied until January 7, 2003, when plaintiff received a second letter from the Postal Service's Office of Personnel Management, repeating that plaintiff does not qualify for the "early out" program. The only issue before the court is which of the two dates constitutes the effective date of the allegedly discriminatory personnel action under 29 C.F.R. § 1614.105(a)(1).

Based on the documents attached to the complaint, it is clear that plaintiff failed to contact an EEO counselor within the forty-five-day limitations period. Where, as here, a plaintiff is notified of his employer's decision regarding a personnel matter, and is given no reason to doubt the veracity or definitiveness of this decision, the date of the notification is the date the limitations period begins to run. See Delaware State College v. Ricks, 449 U.S. 250, 261-262 (1980) (holding that several consistent adverse actions and reaffirmations of these actions serves to notify the aggrieved plaintiff of the employer's official position for the purpose of commencing limitations periods). In the instant case, plaintiff was not offered a full benefits package under the 1992 "early out" when it was

---

[4](...continued)
Regardless, the precise day of EEO contact is immaterial for the purposes of ruling on the present motion to dismiss because the effective date of the adverse employment action was several years earlier.

[5]Defendant cites to the documents appended to plaintiff's complaint as making plaintiff aware of how the Postal Service computed plaintiff's length of service. As mentioned above, these documents included letters dated October 1998 and August 2000. Defendant takes the position that it was the latter communication on August 15, 2000, that definitively put plaintiff on notice and began the running of the limitations period.

established in 1992, nor when he resigned in 1994. Plaintiff was also told on several occasions that he did not qualify for any additional retirement benefits by the Postal Service in writing in 1998 and 2000.

Most importantly, plaintiff learned in the August 15, 2000, letter from defendant's Office of Personnel that he did not qualify for the benefits because his own calculation of his military service credit was deemed erroneous by the Postal Service. Plaintiff's EEO complaint identifies the act of discrimination as this alleged miscalculation by the Postal Service. Put another way, the limitations period began to run from the date of the act of discrimination (the alleged miscalculation) or the date plaintiff first learned of that act, not from the date of every subsequent communication or from the date of a subsequent internal review of the underlying act. See Williamson v. Indiana University, 345 F.3d 459, 463 (7th Cir. 2003) (holding that internal remedial procedures to review adverse employment determinations do not toll an applicable limitations period); Ricks, 449 U.S. at 262 (holding that notice to the plaintiff is all that is necessary to begin the limitations period running).

In the instant case, plaintiff knew no later than 2000 all of the information that gives rise to his present claim. Accordingly, because plaintiff learned of his alleged injuries and the reasons underlying these alleged injuries by August 2000 at the latest, plaintiff's failure to contact an EEO counselor within forty-five days thereafter is fatal to plaintiff's current action and plaintiff's complaint must be dismissed.

Additionally, for these same reasons, plaintiff's request for leave to file an amended complaint must be denied. While leave to file an amended complaint after the defendant has answered should normally be "freely given" under Fed. R. Civ. P. 15(a), it may properly be denied where such amendment would be futile. Bower v. Jones, 978 F.2d 1004, 1008 (7th Cir. 1992).

6

Plaintiff has not stated or otherwise indicated what changes he can make to cure the deficiencies of his complaint. More importantly, the court cannot see how simply amending the complaint will make plaintiff's claims timely. Accordingly, because granting plaintiff's request for leave to file an amended complaint would be futile, plaintiff's request is denied.

## CONCLUSION

For the reasons discussed above, the court grants defendant's motion to dismiss plaintiff's complaint as time-barred pursuant to Fed. R. Civ. P. 12(b)(6). Additionally, because plaintiff's claims are time-barred, any amendments to the pleadings would be futile, the court denies plaintiff's request for leave to file an amended complaint under Fed. R. Civ. P. 15.

**ENTER:** **April 25, 2005**

_____
**Robert W. Gettleman**
**United States District Judge**